**In Re CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION.**

**No. 1845.**

Judicial Panel on Multidistrict Litigation.

July 17, 2007.

Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr.,* KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

***TRANSFER ORDER***

WM. TERRELL HODGES, Chairman.

This litigation currently consists of twenty actions listed on the attached Schedule A and pending in thirteen districts as follows: five actions in the District of South Carolina; three actions in the Northern District of Georgia; two actions in the Middle District of Georgia; and one action each in the Middle District of Florida, the Southern District of Florida, the Northern District of Mississippi, the Western District of Missouri, the Western District of New York, the East-

---

* Judge Miller took no part in the decision of this matter.

ern District of Oklahoma, the Eastern District of Pennsylvania, the Middle District of Pennsylvania, the Eastern District of Tennessee, and the Western District of Washington.[1] Before the Panel are three motions, brought by various plaintiffs, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation, respectively, in the Northern District of Georgia, the District of South Carolina or the Western District of Washington.[2] All responding parties support centralization, but disagree as to the selection of a transferee forum. Common defendant ConAgra Foods, Inc. (ConAgra) supports centralization in the Western District of Missouri or, alternatively, the Northern District of Georgia or the Western District of Washington. Responding plaintiffs have suggested several additional districts in which to centralize the actions, including the District of Colorado, the Northern District of Illinois, the Southern District of Mississippi, the District of New Jersey, or the Middle District of Pennsylvania.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all actions allege harm from consuming and/or purchasing contaminated peanut butter that was manufactured and packaged at ConAgra's Sylvester, Georgia, plant. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with

respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

■ The Panel is persuaded that the Northern District of Georgia is an appropriate transferee forum for this litigation. This district, where three actions and two potential tag-along actions are pending, enjoys the support of several plaintiffs and, in the alternative, ConAgra. Likely relevant documents and witnesses may be found in this district, inasmuch as the manufacturing plant where the contamination occurred and the governmental agency that investigated the contamination are located there. By centralizing this litigation before Judge Thomas W. Thrash, Jr., we are selecting a jurist experienced in multidistrict litigation to steer this matter on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash, Jr., for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*Middle District of Florida*

*Marion Caldarera v. ConAgra Foods, Inc., et al.,* C.A. No. 8:07–384

*Southern District of Florida*

*Charles Stafford v. ConAgra Foods, Inc.,* C.A. No. 9:07–80178

---

**1.** The Panel has been notified of 34 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

**2.** Moving plaintiff in the Northern District of Mississippi action initially failed to designate a desired transferee forum, but in a later submission expressed support for transfer to the Western District of Washington.

*Middle District of Georgia*

*Karen Klepsig, et al. v. ConAgra Foods, Inc.,* C.A. No. 1:07–37

*Geoffrey Midler v. ConAgra Foods, Inc.,* C.A. No. 1:07–42

*Northern District of Georgia*

*Anne Cease, et al. v. ConAgra Foods, Inc.,* C.A. No. 1:07–425

*John Harper v. ConAgra Foods, Inc.,* C.A. No. 1:07–538

*Grady Ware, et al. v. ConAgra Foods, Inc.,* C.A. No. 4:07–40

*Northern District of Mississippi*

*Pamela Gateley, etc. v. ConAgra Foods, Inc.,* C.A. No. 2:07–35

*Western District of Missouri*

*Brian Cox, et al. v. ConAgra Foods, Inc.,* C.A. No. 5:07–6027

*Western District of New York*

*Mark Avalone, et al. v. ConAgra Foods, Inc.,* C.A. No. 6:07–6084

*Eastern District of Oklahoma*

*Esther Cranford v. ConAgra Foods, Inc.,* C.A. No. 6:07–56

*Eastern District of Pennsylvania*

*Lucille A. Knight v. ConAgra Foods, Inc.,* C.A. No. 2:07–818

*Middle District of Pennsylvania*

*Kathleen Nieves, et al. v. ConAgra Foods, Inc.,* C.A. No. 3:07–327

*District of South Carolina*

*Annie Blackwell v. ConAgra Foods, Inc.,* C.A. No. 0:07–529

*Thomas B. Price v. ConAgra Foods, Inc.,* C.A. No. 3:07–536

*Jerry Shawn Medford v. ConAgra Foods, Inc.,* C.A. No. 3:07–611

*Jamie S. Jeffords v. ConAgra Foods, Inc.,* C.A. No. 4:07–530

*Jennifer Ann Hoey, et al. v. ConAgra Foods, Inc.,* C.A. No. 7:07–544

*Eastern District of Tennessee*

*Cynthia Woodlee, et al. v. ConAgra Foods, Inc.,* C.A. No. 4:07–15

*Western District of Washington*

*James Winston Daniels, II, et al. v. ConAgra, Inc.,* C.A. No. 2:07–259