## IN RE: ABBOTT LABORATORIES, INC., SIMILAC PRODUCTS LIABILITY LITIGATION.

### MDL No. 2211.

United States Judicial Panel on Multidistrict Litigation.

Feb. 4, 2011.

Before JOHN G. HEYBURN II, Chairman, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES and PAUL J. BARBADORO, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:**[*] Plaintiff in a previously dismissed action pending in the Northern District of Illinois (*Jasper*), which has since been refiled, has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Illinois. Plaintiffs in four pending actions responded in support of centralization in the Northern District of Illinois. Defendants [1] oppose centralization.

This litigation currently consists of five actions pending as follows: two actions in the Northern District of Illinois, and an action each in the Eastern District of California, the Eastern District of Louisiana and the Eastern District of New York, as listed on Schedule A.[2]

There are currently before the Panel only five relatively factually straightfor- ward actions and four related actions pending in five districts. On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization of these actions would serve the convenience of the parties and wit- nesses or further the just and efficient conduct of this litigation.

Plaintiffs' claims share facts concerning Abbott's recall of certain Similac products because of the presence of beetles and/or beetle larvae, which according to the FDA posed no immediate health risk, other than the possibility of the consuming child's gastrointestinal discomfort and refusal to eat. These facts are relatively undisputed. While we have centralized litigation in the past concerning product contamination, *see, e.g., In re: ConAgra Peanut Butter Prods. Liab. Litig.,* 495 F.Supp.2d 1381 (U.S.Jud.Pan.Mult.Lit.2007) (centralizing actions involving alleged harm from con- suming and/or purchasing contaminated ConAgra peanut butter), we decline to do so in these relatively factually limited cir- cumstances that, as Abbott contends, con- cern problems with a single assembly line at its Sturgis, Michigan, manufacturing fa- cility.

We are of the opinion that the individu- al facts contained in these actions will pre- dominate over any alleged common fact questions. For instance, discovery and motion practice may be expected to con- cern (1) the particular product each plain- tiff purchased, (2) any injuries that con- sumption of the product caused, (3)

---

[*] Judge Kathryn H. Vratil did not participate in the decision of this matter.

[1] Abbott Laboratories, Abbott Laboratories Inc. d/b/a Abbott Sales, Marketing & Distribu- tion Co., Abbott Laboratories dba Abbott Nu- trition, Abbott Laboratories (collectively Ab- bott).

[2] Plaintiff's motion originally sought centrali- zation of seven actions, but *Jasper* (which has since been refiled in the Northern District of Illinois) and an action in the Central District of California were dismissed during the pen- dency of the Section 1407 motion. A total of four related actions are now pending: two actions in the Northern District of Illinois, and an action each in the Central District of California and the Eastern District of Louisi- ana.

whether the product contained beetles or beetle larvae, and/or (4) what advertising or other representations were made to each particular plaintiff (and, relatedly, whether the plaintiff relied upon those representations). Although plaintiffs are correct that some factual overlap exists among the present actions, the proponents of centralization have failed to convince us that any shared factual questions in these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time.

We consider voluntary coordination among the parties and the involved courts of these relatively few actions to be a preferable alternative to centralization at this time. Though we are denying centralization, we nevertheless encourage the parties to pursue such alternatives, should the need arise, to minimize the potential for duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F.Supp. 242, 244 (U.S.Jud. Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

### SCHEDULE A

**MDL No. 2211 — IN RE: ABBOTT LAB-ORATORIES, INC., SIMILAC PROD-UCTS LIABILITY LITIGATION**

*Eastern District of California*
  *Jessica L. Tosh–Surryhne v. Abbott Laboratories, Inc., et al.*, C.A. No. 2:10–02603

*Northern District of Illinois*
  *Alimah Gray, et al. v. Abbott Laboratories, Inc., et al.*, C.A. No. 1:10–06377

* Judge Kathryn H. Vratil took no part in the

  *Rebecca Brown v. Abbott Laboratories, Inc.*, C.A. No. 1:10–06674

*Eastern District of Louisiana*
  *Kathleen A. Brandner v. Abbott Laboratories, Inc., et al.*, C.A. No. 2:10–03242

*Eastern District of New York*
  *Shelly A. Leonard, et al. v. Abbott Laboratories, Inc.*, C.A. No. 2:10–04676